## FREDERICK LINDEKUGEL vs. PAUL ANGELHOFER.

### December 27, 1877.

Justice of the Peace—Action Involving Title to Real Estate—Docket Entries, Certificate and Return.—In an action commenced before a justice of the peace, in which, upon the pleadings, title to real estate may be involved, and in which the justice has jurisdiction of the subject-matter of litigation and of the parties, the effect of the making of an entry in his docket, and of the making of a certificate and return all in accordance with the requirements of Gen. St. c. 65, § 35, is *prima facie* to invest the district court with complete jurisdiction of the case.

Same—Evidence that Title to Real Estate was Involved—Motion for Further Return.—If it did not in fact appear on the trial before the justice, from the evidence of either party, that the title to real estate was involved in the action, this should be taken advantage of by seasonably bringing it to the notice of the district court upon affidavit, and upon a motion for a further return from the justice showing what the evidence, if any, upon the matter of title was.

Trespass *quare clausum fregit*, begun before a justice of the peace, and subsequently certified and returned by the said justice to the district court for Sibley county, upon the ground that it appeared from the evidence upon the trial of the action that the title to real estate was brought in question and disputed by the defendant. The cause was tried in the district court by *L. M. Brown,* J., and a jury, and verdict found for the plaintiff. Judgment was entered on the verdict, and from this judgment the defendant appealed.

*Davis, O'Brien & Wilson,* for appellant, argued that the trespass found was the building of a fence upon a certain quarter section owned by the respondent, instead of the dividing line; that the question was simply the physical one, upon which side of the line did the respondent build his fence? that the matter of title was no element whatever in the controversy, (*Wood* v. *Prescott,* 2 Mass. 173;) and that it was clear, therefore, that the justice had jurisdiction to try the cause, and that the district court consequently did not acquire jurisdiction through the error of the justice. *Wood* v. *Prescott, supra; Verbeck* v. *Verbeck,* 6 Wis. 159.

*S. & O. Kipp,* for respondent, cited *Clague* v. *Hodgson,* 16 Minn. 333; *State* v. *Christensen,* 21 Minn. 500; and argued upon these authorities that it must be presumed from the transcript of the entries in the justice's docket that the testimony of the plaintiff brought in question and involved the title to the *locus in quo,* and that the defendant, then and there before the justice, disputed the plaintiff's title thereto; and the facts developed upon the trial before the justice need not be, nor in fact were, identical with the facts developed upon the trial in the district court.

BERRY, J. This was an action for trespass upon the plaintiff's land, commenced before a justice of the peace.

Section 35, *c.* 65, Gen. St. provides that "if it appears on the trial of any action before a justice of the peace, from the evidence of either party, that the title to real estate is involved, which title is disputed by the other party, the justice shall im-

mediately make an entry thereof in his docket, and cease all other proceedings in the cause, and shall certify and return to the district court of the county a transcript of all the entries made in his docket relating to the case, together with all the process and other papers relating to the action, in the same manner, and in the same time, as upon an appeal; and thereupon the district court shall proceed in the cause to final judgment and execution, the same as if the action had been originally commenced therein."

The transcript of the entries made by the justice in his docket in this case, after showing the appearance of the parties, etc., contains the following, viz.:

"Plaintiff sworn and examined in the case. It appearing from the evidence that the title to real estate is brought in question, which title is disputed by the defendant, I do forthwith cease all proceedings in the case, to certify and return the same to the district court of Sibley county, as required by law."

The case being one in which, upon the pleadings, title to real estate might be involved, the justice having jurisdiction of the subject-matter of litigation and of the parties, and the entry in his docket, together with his certificate, and return having been duly made in accordance with the requirements of statute, the effect was *prima facie* to invest the district court with complete jurisdiction of the case. If it did not in fact appear on the trial before the justice, from the evidence of either party, that the title to real estate was involved in the action, this should be taken advantage of by seasonably bringing it to the notice of the district court upon affidavit, and upon a motion for a further return from the justice, showing what the evidence, if any, upon the matter of title was. No proceedings of this kind were taken in the district court. On the contrary the case appears to have been tried in that court without any objection to jurisdiction, or to the regularity or propriety of the manner in which the case came there.

Judgment affirmed.